ELECTRONICALLY FILED - 2021 Mar 01 1:59 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4000922

EXHIBIT A

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FIFTH JUDICIAL CIRCUIT |
| | ) | |
| Calvin Shivers and Rosa Shivers, | ) | C/A No: _ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **SUMMONS** |
| | ) | **(Jury Trial Demanded)** |
| Trinity Transport, Inc. and William R. Ray | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**TO THE DEFENDANTS ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to this Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

    Respectfully Submitted,

    POTEAT LAW FIRM LLC

BY:    ***/s/ Chad E. Poteat***
    CHAD E. POTEAT, SC Bar No. 66199
    P.O. Box 6812
    Columbia, SC  29260
    (803) 220-0110 (Telephone)
    (803) 220-0118 (Fax)
    cep@poteatlawfirm.com

    ATTORNEY FOR PLAINTIFFS

Columbia, South Carolina
March 1, 2021

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FIFTH JUDICIAL CIRCUIT |
| | ) | |
| Calvin Shivers and Rosa Shivers, | ) | C/A No: _ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **(Jury Trial Demanded)** |
| Trinity Transport, Inc. and William R. Ray | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiffs, complaining of the Defendant, would respectfully show unto the Court that:

1. The Plaintiff, Calvin Shivers, is a residents and citizen of Lexington County, South Carolina.

2. The Plaintiff, Rosa Shivers, is a resident and citizen of Lexington County, South Carolina.

3. The Defendant William R. Ray (hereinafter "Ray"), upon information and belief, is a resident and citizen of the State of Tennessee.

4. The Defendant Trinity Transport, Inc. (hereinafter "Trinity"), upon information and belief, is a corporation organized and existing under laws of the State of South Carolina and has its principal place of business located in South Carolina.

## FACTS

5. On or about March 6, 2018, the Plaintiff, Calvin Shivers was operating his 2005 Chevy Rollback tow truck in an easterly direction on Interstate 20 in Lexington County in the right-hand lane with his wife Rosa Shivers as a passenger in the vehicle.

ELECTRONICALLY FILED - 2021 Mar 01 1:59 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4000922

ELECTRONICALLY FILED - 2021 Mar 01 1:59 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4000922

4. The Defendant Ray, upon information and belief, was operating a 2004 Freightliner tractor trailer truck owned by Defendant Trinity in an easterly direction on Interstate 20, also in the right-hand lane.

5. At all times relevant to the matters set forth in this Complaint, Defendant Ray was operating as an employee or agent of Defendant Trinity.

6. The Plaintiffs were operating their vehicle at a speed at or below the posted speed limit proceeding in a normal fashion when suddenly without warning, they were struck forcibly from the rear by the tractor trailer operated by Defendant Ray. The force of the collision was so violent that the driver's seat of the Plaintiff's vehicle separated from the floorboard of the tow truck.

7. As a result of the impact, Plaintiffs suffered severe physical injuries requiring long term medical treatment, including surgery as well as other damages.

**FOR A FIRST CAUSE OF ACTION**
**Negligence of Defendant Truck Driver William Ray**

8. Plaintiffs repeat and re-allege each and every allegation contained withing paragraphs 1 through 6 as if fully set forth herein.

9. The Defendant Ray, by his acts or omissions, was negligent, grossly negligent, careless, and reckless and in one or more of the following particulars:

   a. in failing to maintain a proper lookout;

   b. in failing to maintain proper control of his vehicle;

   c. in failing to yield the right-of-way;

   d. in failing to see what an ordinary prudent person should have seen;

   e. in failing to apply brakes;

3

ELECTRONICALLY FILED - 2021 Mar 01 1:59 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4000922

 f. in traveling at speeds in excess of the posted speed limits;

 g. in traveling at speeds excessive for the conditions then and there prevailing;

 h. in operating a commercial vehicle with considerable weight and speed at speeds too fast for the conditions which caused irreparable damage to Plaintiffs' vehicle and severe injuries to the Plaintiffs;

 i. in failing to avoid colliding with another vehicle;

 j. in failing to act as a reasonable and prudent person would have done under the same or similar circumstances; and

 k. in such other particulars as may be shown at trial.

**FOR A SECOND CAUSE OF ACTION**
**Vicarious Liability of Defendant Trinity Transport, Inc.**

10. Plaintiffs repeat and re-allege each and every allegation contained within paragraphs 1 through 8 as if fully set forth herein.

11. Defendant Ray was the employee, agent, servant, leased driver, or independent contractor for Defendant Trinity. Accordingly, under the doctrine of *respondeat superior*, Defendant Trinity was vicariously liable for the acts and omissions of its driver, Defendant Ray.

**FOR A THIRD CAUSE OF ACTION**
**Negligence of Commercial Motor Carrier Trinity Transport, Inc.**

12. Plaintiffs repeat and re-allege each and every allegation contained within paragraphs 1 through 6 as if fully set forth herein.

4

ELECTRONICALLY FILED - 2021 Mar 01 1:59 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4000922

13. Defendant Trinity had a duty to act reasonably in hiring, retaining, and supervising its driver, Defendant Ray, and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonable safe.

14. Defendant Trinity had a duty to enforce the South Carolina Traffic Laws and to make sure that its driver William Ray obeyed the traffic laws of South Carolina.

15. Defendant Trinity violated and encouraged its driver, Defendant Ray, to violate state and federal statutes and regulations, including but not limited to 49 C.F.R. Sections 350 to 399, and South Carolina Code of Regulations Sec. 38-423 *et seq.*

16. Defendant Trinity failed in its duties as stated in this cause of cause of action.

17. Defendant Trinity's negligence, negligence per se, gross negligence, willfulness, wantonness, and recklessness was the direct and proximate cause of Plantiffs' significant injuries and damages.

### FOR A FOURTH CAUSE OF ACTION
### Loss of Consortium for Plaintiff Rosa Shivers

18. Plaintiffs repeat and re-allege each and every allegation contained within paragraphs 1 through 16 as if fully set forth herein.

19. As a result of the Defendants' negligence, gross negligence, willfulness, wantonness, recklessness and carelessness, Plaintiff Rosa Shivers suffered loss of consortium as a result of the injuries sustained by her husband, Plaintiff Calvin Shivers.

### FOR A FIFTH CAUSE OF ACTION
### Loss of Consortium for Plaintiff Calvin Shivers

20. Plaintiffs repeat and re-allege each and every allegation contained within paragraphs 1 through 16 as if fully set forth herein.

5

21. As a result of the Defendants' negligence, gross negligence, willfulness, wantonness, recklessness and carelessness, Plaintiff Calvin Shivers suffered loss of consortium as a result of the injuries sustained by his wife, Plaintiff Rosa Shivers.

## DAMAGES

22. As a direct and proximate result of this accident and Defendants' negligence, gross negligence, willfulness, wantonness, recklessness and carelessness, Plaintiff, Calvin Shivers:

   a. suffered serious, painful, and permanent bodily injuries, including but not limited to lower back injuries necessitating spinal fusion surgery, great physical pain and mental anguish, severe and substantial emotional duress, loss of capacity for the enjoyment of life;

   b. was, is and will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain and suffering;

   c. was, is and will be precluded from engaging in normal activities and pursuits, including a loss of ability to earn money and of actual earnings;

   d. was otherwise hurt, injured and caused to sustain losses all of which has and will in the future cause him to undergo physical and mental pain and suffering, and, has and will in the future, cause Mr. Shivers to have to spend money for medical services for himself, and to lose money in the nature of wages or earnings, lost business opportunities, and to be unable to work any further in his chosen profession; and,

   e. lost the right of companionship, aid, society and services of his spouse.

ELECTRONICALLY FILED - 2021 Mar 01 1:59 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4000922

6

ELECTRONICALLY FILED - 2021 Mar 01 1:59 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4000922

23. As a direct and proximate result of this accident and Defendants' negligence, gross negligence, willfulness, wantonness, recklessness and carelessness, Plaintiff, Rosa Shivers

   a. suffered serious, painful, and permanent bodily injuries, including but not limited to shoulder impingement and/or frozen shoulder and arm issues, great physical pain and mental anguish, severe and substantial emotional duress, loss of capacity for the enjoyment of life;

   b. was, is and will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain and suffering;

   c. was, is and will be precluded from engaging in normal activities and pursuits, including a loss of ability to earn money and of actual earnings;

   d. was otherwise hurt, injured and caused to sustain losses all of which has and will in the future cause her to undergo physical and mental pain and suffering, and has and will in the future cause Mrs. Shivers to have to spend money for medical services for herself, and to potentially lose money in the nature of wages or earnings, lost business opportunities, and to be unable to work any further in her chosen profession; and,

   e. lost the right of companionship, aid, society and services of her spouse.

24. All of Plaintiff Calvin Shivers' losses were, are and will be due solely to and by reason of the carelessness, recklessness, and negligence of the Defendants, without any negligence or want of due care on the Plaintiff's' part contributing thereto.

7

25. All of Plaintiff Rosa Shivers' losses were, are and will be due solely to and by reason of the carelessness, recklessness, and negligence of the Defendants, without any negligence or want of due care on the Plaintiff's part contributing thereto

26. The Plaintiffs are informed and believe that they are entitled to a judgment against the Defendant in the amount of actual and punitive damages in an amount to be determined by a jury.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants William R. Ray and Trinity Transport, Inc. in an amount of actual and punitive damages, the costs of this action, and for such other and further relief as this Court may deem just and proper.

The Plaintiffs demands a jury trial.

Respectfully Submitted,

POTEAT LAW FIRM LLC

BY:    */S/ Chad E Poteat*
CHAD E. POTEAT, SC Bar No. 66199
3830 Forest Dr., Suite 205 (29204)
P.O. Box 6812
Columbia, SC  29260
(803) 220-0110 (Telephone)
(803) 220-0118 (Fax)
cep@poteatlawfirm.com

*Attorney for Plaintiffs*

Columbia, South Carolina
March 1, 2021